UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
At KANSAS CITY


VALERIE COATS,

*Plaintiff*,

v.                                        CASE NO.:   07-2457 CM

PFIZER, INC.,
a foreign corporation,

*Defendant*.
_____/


**COMPLAINT AND JURY DEMAND**


Plaintiff(s) sues Defendant(s) and alleges:

**1 Introduction**              2

**2 Wrongful Acts**             3

**3 Count I Strict Liability**  4

**4 Count II Negligence**       5

**5 Count III Fraud**           6

**6 Prayer for Relief**         6

## 1 INTRODUCTION

1.1    This is an action for damages in excess of $100,000.00 based on injuries occurring as a result of the ingestion of a defective drug manufactured and sold by defendant(s).

1.2    Defendant Pfizer, Inc., is a foreign limited liability company having its principal place of business in New York, New York.  Pfizer is in the business of designing, manufacturing, and selling pharmaceutical drugs, including its product Bextra.

1.3    Pfizer does business in this state and is subject to the long arm jurisdiction of this state.

1.4    Valerie Coats, ("User") was a foreseeable consumer and user of the product, and used the product in a foreseeable manner consistent with its intended use for the treatment of disease.

1.5    User was injured as a direct consequence of his or her use of Bextra, and Bextra was a substantial factor and a legal cause of user's injury.

1.6    As a direct and proximate result of the injuries and losses sustained by plaintiff, plaintiff's husband Herman Cutchlow has also been injured and suffered losses including, but not limited to, being caused to pay medical and other related expenses, suffered loss of the capacity for the enjoyment of life, and suffered the loss and impairment of his wife's companionship, instruction, guidance, counsel, aid, assistance, comfort, consortium and society, for which losses plaintiff hereby makes claim pursuant to K.S.A. §23-205.

1.7    User was unaware of the connection of her injuries to her use of Bextra until informed in September of 2005.

1.8    Venue is proper in this court for one or more of the following reasons:

1.8.1    The cause of action arose within the jurisdiction of this court.

1.8.2    Negligent acts of the defendants were committed within the jurisdiction of this court.

1.8.3    Defendant(s) can be found within the jurisdiction of this court.

## 2 WRONGFUL ACTS

2.1    Pfizer designed, manufactured and sold a prescription pharmaceutical drug with the generic name Valdexocib, and commonly known by its trade name "Bextra."  Bextra is among a family of drugs known as COX-2 selective, non-steroidal anti-inflammatory drugs (NSAID).

2.2    At times material hereto and prior to the introduction of Bextra to the market, Pfizer had actual and constructive knowledge that Bextra presented a serious health hazard because it

caused blood clots, myocardial infarcts or heart attacks, thromboses, cerebral vascular accidents or strokes, and other similar diseases.

2.3    For pecuniary benefit Pfizer made false and misleading statements, and concealed important information when such information would have been expected, concerning the severe hazards of Bextra. Such statements and concealments were made to the medical community, government regulators, the general public, and others in one or more of the following ways:

2.3.1    By misstating or concealing the results of clinical trials, which trials demonstrated the hazard alleged above.

2.3.2    By failing to disclose honestly and completely the known hazards of Bextra in public communications and advertisements.

2.3.3    By designing clinical trials with a dishonest motive, i.e. to conceal rather than reveal the hazards of Bextra.

2.3.4    By pressuring researchers and physicians to avoid further research or critique of Bextra.

2.3.5    By public advertisements and statements that failed to mention or advise of known or knowable health hazards.

2.3.6    In ways enumerated by a warning letter sent by the FDA to Pfizer.

2.3.7    In other ways presently unknown.

2.4    User and user's health care providers failed to receive information that they would otherwise have received, due to the concealments of Pfizer as alleged above. Such parties' failure to receive such information influenced their decision to prescribe, purchase and use the product.

2.5    User and user's health care providers received inaccurate, incomplete and misleading information due to the misrepresentations of Pfizer as alleged above. Such parties' inaccurate, incomplete, and misleading information influenced their decision to prescribe, purchase and use the product.

### 3 COUNT I STRICT LIABILITY

Sections 1 and 2 are realleged.

3.1    Pfizer was a merchant with respect to Bextra, which drug was sold into the channels of commerce and foreseeable used in this State. Bextra was used without change in condition from manufacture and was used without inspection for defects. Pfizer placed Bextra on the market with knowledge that it would be used without inspection for defects.

3.2    Bextra was and is defective and unreasonably dangerous in one or more of the following particulars:

3.2.1    It is more hazardous than an ordinary consumer would expect and thus fails to perform as expected by an ordinary consumer.

3.2.2    Its hazard outweighs its benefits, if any benefits exists.

3.2.3    It was accompanied by missing or inadequate warnings about its cardiovascular hazards.

3.2.4    Any warnings that accompanied the product were diluted and overcome by misleading promotional material that misled customers into believing that the hazards were minimal.

3.3    The defects above were a legal cause of the injuries of the user.

### 4 COUNT II NEGLIGENCE

Sections 1 and 2 are realleged.

4.1    At times material Pfizer had the following legal duties:

4.1.1    To use reasonable care to design, manufacture, and market Bextra so that it would be reasonably safe for its intended use and other foreseeable uses.

4.1.2    To formulate, implement, and accurately report tests and clinical trials to clarify the hazards of Bextra.

4.1.3    To warn and to warn adequately, at the time of sale, of the known or knowable hazards of Bextra.

4.1.4    To continue to warn, at times beyond the date of sale, past or current users of the hazards of the product once those hazards became known or knowable.

4.1.5    To recall and desist from selling or marketing Bextra once the hazards of the product were known or knowable.

4.1.6    To formulate accurate and honest promotional materials to avoid misleading the public or health care professionals concerning the hazards of Bextra.

4.2    Pfizer breached its duties above as set forth in Section 2 above.

4.3    The negligence alleged above was a legal cause of the injuries of the user.

## 5 COUNT III FRAUD

Sections 1 and 2 are realleged.

5.1    Pfizer intentionally and with intent to deceive made knowingly false statements to the medical community and the public, including user's physician and user as outlined in section 2.

5.2    User and/or user's health care providers justifiably relied upon the knowing misrepresentations of Pfizer, at times material and to their detriment, to purchase and use the product.

5.3    The fraud alleged above was a legal cause of the injuries of the user.

## 6 PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment from defendant(s) for damages, including

but not limited to, pain and suffering, medical expenses, loss of support and services, loss of net

accumulations, punitive or exemplary damages, costs, interests, fees, and such other remedies as

should be proper, and demands a trial by jury on all issues so triable.

Submitted this 25th day of September, 2007.

DOUTHIT FRETS ROUSE
GENTILE & RHODES, L.L.C.

By R. D. Gentile

R. Douglas Gentile        KS #13907

903 East 104th Street, Suite 610
Kansas City, Missouri 64131
(816) 941-7600
(816) 941-6666 (facsimile)
rgentile@dfrglaw.com

ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | | |
|---|---|---|---|
| **VALERIE COATS,** | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 2:07-cv-02457-CM-DJW | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| **PFIZER, INC.,** | ) | JURY TRIAL DEMANDED | |
| | ) | | |
| Defendant. | ) | | |

**DEFENDANT PFIZER INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

**I.
PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

**II.
ANSWER**

**Response to Introduction**

1.     Answering Paragraph 1.1 of the Complaint, Defendant admits that Plaintiff brought this civil action seeking monetary damages, but denies that Plaintiff is entitled to any relief or damages. Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately

described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

2.      Answering Paragraph 1.2 of the Complaint, Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

3.      Answering Paragraph 1.3 of the Complaint, Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it does business in the State of Kansas. Defendant denies the remaining allegations in this paragraph of the Complaint.

4.      Answering Paragraph 1.4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition and whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

5.      Answering Paragraph 1.5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the

remaining allegations in this paragraph of the Complaint.

6.    Answering Paragraph 1.6 of the Complaint, Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's relationship to the named individual, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff or the named individual injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

7.    Answering Paragraph 1.7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

8.    Answering Paragraph 1.8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

### Response to Allegations Regarding Wrongful Acts

9.    Answering Paragraph 2.1 of the Complaint, Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-

steroidal anti-inflammatory drugs ("NSAIDS"). Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2). At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)." Defendant denies the remaining allegations in this paragraph of the Complaint.

10. Answering Paragraph 2.2 of the Complaint, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

11. Answering Paragraph 2.3 of the Complaint, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

12. Answering Paragraph 2.4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

13. Answering Paragraph 2.5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the

Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Strict Liability

14.    Answering the unnumbered paragraph preceding Paragraph 3.1 of the Complaint, Defendant incorporates by reference their responses to each paragraph of the Complaint as if fully set forth herein.

15.    Answering Paragraph 3.1 of the Complaint, Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States, including Kansas, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendant denies the remaining allegations in this paragraph of the Complaint.

16.    Answering Paragraph 3.2 of the Complaint, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

17.    Answering Paragraph 3.3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-

approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## Response to Second Cause of Action: Negligence

18.     Answering the unnumbered paragraph preceding Paragraph 4.1 of the Complaint, Defendant incorporates by reference their responses to each paragraph of the Complaint as if fully set forth herein.

19.     Answering Paragraph 4.1 of the Complaint, Defendant states that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendant admits that they had duties as are imposed by law but denies having breached such duties. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint, including all subparts.

20.     Answering Paragraph 4.2 of the Complaint, Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

21.     Answering Paragraph 4.3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant

states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Fraud**

22.     Answering the unnumbered paragraph preceding Paragraph 5.1 of the Complaint, Defendant incorporates by reference their responses to each paragraph of the Complaint as if fully set forth herein.

23.     Answering Paragraph 5.1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

24.     Answering Paragraph 5.2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

25.    Answering Paragraph 5.3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## Response to Prayer for Relief

26.    Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## III.
## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in the Complaint that have not been previously admitted, denied, or explained.

## IV.
## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

## First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

## Second Defense

2.    Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

### Sixth Defense

6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

## Ninth Defense

9.      The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

## Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## Eleventh Defense

11.     Defendant affirmatively denies that they violated any duty owed to Plaintiff.

## Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

## Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

## Fourteenth Defense

14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

## Fifteenth Defense

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard

of care.

### Sixteenth Defense

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendant or persons acting on its behalf after the product left the control of Defendant.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.     The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Kansas, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.     Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.     To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United

States Constitution.

### **Thirty-eighth Defense**

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the State of Kansas.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### **Thirty-ninth Defense**

39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did

not proximately cause injuries or damages to Plaintiff.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendant states that to the best of its knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that the fault of others for whom Defendant is not responsible directly caused or contributed to Plaintiff's injuries, and the fault of Plaintiff and such others should be compared pursuant to K.S.A. § 60-258(a).

### Fifty-sixth Defense

56.    Plaintiff's claims are barred by Defendant's compliance with relevant legislative and administrative regulatory safety standards authorized by the Kansas Product Liability Act, K.S.A. §§ 60-3301, et seq.

### Fifty-seventh Defense

57.    To the extent Plaintiff contends that Plaintiff is entitled to damages pursuant to a personal injury claim, which contention is expressly denied, claims for non-economic losses may not

exceed $250,000 pursuant to K.S.A. § 60-19a.

### Fifty-eighth Defense

58.    Plaintiff's claims against Defendant are barred by K.S.A. § 60-3306.

### Fifty-ninth Defense

59.    Plaintiff's claims against Defendant are limited by K.S.A. § 60-1903.

### Sixtieth Defense

60.    Defendant states that any award of punitive damages in this case would violate Defendant's procedural and substantive due process rights because there are insufficient circumstances in this case to support the reasonableness of an award of punitive damages and there are inadequate legal and procedural constraints imposed on the fact finder's discretion to impose such awards.  The standard for punitive damages in Kansas lack sufficient objective criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of proportionality regarding punitive damages.

### Sixty-first Defense

61.    Defendant states that it would violate Defendant's rights guaranteed by the United States Constitution and the Kansas Constitution to impose punitive damages against it which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement to such damages would be provided by a "clear" and "convincing" standard of proof, in view of insufficient substantive and procedural protections under Kansas law regarding punitive damages.

### Sixty-second Defense

62.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

## V.
## JURY DEMAND

Defendant demands a trial by jury as to all issues so triable.

## VI.
## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendant be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendant has such other and further relief as the Court deems appropriate.

Dated:  April 30, 2008

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

_    /s/ Jon A. Strongman_____    _____

Harvey L. Kaplan, D. Kan. #70233
Jon A. Strongman, D. Kan #77873

2555 Grand Blvd.
Kansas City, Missouri  64108
(816) 474-6550
Fax: (816) 421-554

**ATTORNEYS FOR DEFENDANT PFIZER INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of April, 2008, a true and correct copy of the foregoing document was served via the Court's electronic notification system and/or via U.S. mail upon:

R. Douglas Gentile
DOUTHIT FRETS ROUSE
GENTILE & RHODES, LLC
903 East 104th Street, Suite 610
Kansas City, Missouri 64131

**ATTORNEY FOR PLAINTIFFS**


            /s/ Jon A. Strongman
**ATTORNEY FOR DEFENDANT**
**PFIZER INC.**

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAY 2 0 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

U.S. ...

MAY - 2 2008

08 MAY 28 AM 10: 34

TIMOTHY H. O'BRIEN

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

BY _____ DEPUTY
AT KANSAS CITY, KS

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)

**FILED**

MAY 2 0 2008

**CONDITIONAL TRANSFER ORDER (CTO-102)**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for
the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to
28 U.S.C. § 1407. *See* 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,214 additional
actions have been transferred to the Northern District of California. With the consent of that court,
all such actions have been assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are
common to the actions previously transferred to the Northern District of California and assigned to
Judge Breyer.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern
District of California for the reasons stated in the order of September 6, 2005, and, with the consent
of that court, assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Northern District of California. The transmittal of this order to said Clerk shall
be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of
the Panel within this 15-day period, the stay will be continued until further order of the Panel.

A CERTIFIED TRUE COPY

MAY 2 0 2008

ATTEST _____
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date 5-20-08

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**          MDL No. 1699

## SCHEDULE CTO-102 - TAG-ALONG ACTIONS

### <u>DIST. DIV. C.A. #</u>                    <u>CASE CAPTION</u>

KANSAS
    KS   2   07-2457              Valerie Coats v. Pfizer Inc.

MINNESOTA
    MN   0   08-950               Joanne Schwandt v. Pfizer Inc., et al.
    MN   0   08-954               Sarah Benton v. Pfizer Inc., et al.

NEW YORK SOUTHERN
    NYS  1   08-2889              Paulette Johnson v. Pfizer Inc.
    NYS  1   08-2890              Linda Marler, et al. v. Pfizer Inc.
    NYS  1   08-3353              Betty Sundhausen, et al. v. Pfizer Inc.
    NYS  1   08-3394              Marie Maki v. Pfizer Inc.
    NYS  1   08-3395              Jimmie L. Brockman v. Pfizer Inc.

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**          MDL No. 1699

## INVOLVED COUNSEL LIST (CTO-102)

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

R. Douglas Gentile
DOUTHIT FRETS ROUSE GENTILE & RHODES LLC
903 East 104th Street
Suite 610
Kansas City, MO 64131

Erin A. Juzapavicus
WILNER BLOCK PA
3127 Atlantic Blvd.
Suite 3
Jacksonville, FL 32207

Michael A. London
DOUGLAS & LONDON PC
111 John Street
Suite 1400
New York, NY 10038

Gregory A. Markel
CADWALADER WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281

Ted G. Meadows
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

CLOSED, STAYDISC

# U.S. District Court
## District of Kansas (Kansas City)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02457-CM-JPO
## Internal Use Only

Coats v. Pfizer, Inc.
Assigned to: District Judge Carlos Murguia
Referred to: Magistrate Judge James P. O'Hara
Cause: 28:1332 Diversity-Product Liability

Date Filed: 09/25/2007
Date Terminated: 05/28/2008
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Valerie Coats**                                represented by     **Erin A. Juzapavicus**
Wilner Block PA
3127 Atlantic Blvd - Ste 3
Jacksonville, FL 32207
904-475-9400
Fax: 904-475-9411
Email: ejuzapavicus@wilnerblock.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Norwood S. Wilner**
Wilner Block PA
3127 Atlantic Blvd - Ste 3
Jacksonville, FL 32207
904-475-9400
Fax: 904-475-9411
Email: nwilner@wilnerblock.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Douglas Gentile**
Douthit, Frets, Rouse, Gentile &
Rhodes, LLC
903 E. 104th Street, Suite 610
Kansas City, MO 64131
816-941-7600
Fax: 816-941-6666
Email: dgentile@dfrglaw.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Stephanie J. Hartley**
Wilner Block PA
3127 Atlantic Blvd - Ste 3
Jacksonville, FL 32207
904-475-9400
Fax: 904-475-9411
Email: shartley@wilnerblock.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer, Inc.**                    represented by **Jon A. Strongman**
*a foreign corporation*                Shook, Hardy & Bacon L.L.P. --
                                       Kansas City/Grand
                                       2555 Grand Boulevard
                                       Kansas City, MO 64108-2613
                                       816-474-6550X19002
                                       Fax: 816-421-5597
                                       Email: jstrongman@shb.com
                                       *LEAD ATTORNEY*
                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2007 | 1 | COMPLAINT (No Summons Issued) with trial location of Kansas City, filed by Valerie Coats.(jb) (Entered: 09/26/2007) |
| 09/26/2007 | | FILING FEE PAID: in the amount of $350.00, receipt number K1009954 (jb) (Entered: 09/26/2007) |
| 10/19/2007 | 2 | MOTION for attorney Norwood S. Wilner, Stephanie J. Hartley, Erin A. Juzapavicus to appear pro hac vice ( Pro hac vice fee $150, Credit Card Receipt Number 1059064.) by Plaintiff Valerie Coats (Attachments: # 1 Affidavit Wilner# 2 Affidavit Hartley# 3 Affidavit Juzapavicus) (Gentile, R.) (Entered: 10/19/2007) |
| 10/23/2007 | 3 | ORDER granting 2 Motion to Appear Pro Hac Vice. Attorneys Norwood S. Wilner, Stephanie J. Hartley, and Erin A. Juzapavicus are granted leave to appear pfo hac vice on behalf of Valerie Coats. If pro hac vice counsel has not already done so, counsel is directed to immediately register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/forms/index.php. Signed by Magistrate Judge David J. Waxse on 10/22/07. (mg) (Entered: 10/23/2007) |

| 10/23/2007 | 4 | Electronic Filing Registration Form of Norwood S. Wilner re motion for leave to appear pro hac vice 2 by Plaintiff Valerie Coats(Gentile, R.) (Entered: 10/23/2007) |
| 10/23/2007 | 5 | Electronic Filing Registration Form of Stephanie J. Hartley re motion for leave to appear pro hac vice 2 by Plaintiff Valerie Coats(Gentile, R.) (Entered: 10/23/2007) |
| 10/23/2007 | 6 | Electronic Filing Registration Form of Erin A. Juzapavicus re motion for leave to appear pro hac vice 2 by Plaintiff Valerie Coats(Gentile, R.) (Entered: 10/23/2007) |
| 01/31/2008 | 7 | ORDER TO SHOW CAUSE why case should not be dismissed for failure to serve summons and complaint. Show Cause Response due to Judge Murguia by 2/15/2008. Signed by Magistrate Judge David J. Waxse on 1/31/08. (ll) (Entered: 01/31/2008) |
| 02/06/2008 | 8 | RESPONSE re 7 Order to Show Cause by Plaintiff Valerie Coats (Attachments: # 1 Exhibit Exhibit A)(Gentile, R.) (Entered: 02/06/2008) |
| 04/03/2008 | 9 | ORDER re 8 Response to Order to show Cause filed by Valerie Coats. The time for service shall be extended to April 25, 2008. Signed by District Judge Carlos Murguia on 4/3/08.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(js) (yh). (Entered: 04/03/2008) |
| 04/11/2008 |  | Summons Issued as to Pfizer, Inc. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry) (ta) (Entered: 04/11/2008) |
| 04/21/2008 | 10 | Summons Returned Executed -- Personal Service by Valerie Coats upon Pfizer, Inc. served on 4/16/2008, answer due 5/6/2008 (Gentile, R.) (Entered: 04/21/2008) |
| 04/30/2008 | 11 | *Defendant Pfizer Inc.'s* ANSWER to 1 Complaint with Jury Demand by Pfizer, Inc..(Strongman, Jon) (Entered: 04/30/2008) |
| 04/30/2008 | 12 | CORPORATE DISCLOSURE STATEMENT by Pfizer, Inc. identifying Pfizer Inc. as corporate parent. (Strongman, Jon) (Entered: 04/30/2008) |
| 05/01/2008 | 13 | ORDER REASSIGNING CASE: Due to representation in a personal matter by Shook, Hardy & Bacon, Magistrate Judge David J. Waxse recuses from this case and, with consent, requests reassignment to Magistrate Judge James P. O'Hara. This case is reassigned to Magistrate Judge James P. O'Hara for all further pretrial proceedings. Signed by Magistrate Judge David J. Waxse on 05/01/08.(This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(mg) (Entered: 05/01/2008) |
| 05/02/2008 | 14 | ORDER SETTING SCHEDULING CONFERENCE:Telephone Scheduling Conference set for 6/3/2008 at 9:00 AM before Magistrate Judge James P. O'Hara. Report of Parties Planning Meeting deadline 5/23/2008. Signed by Magistrate Judge James P. O'Hara on 5/2/2008.(kg) (Entered: 05/02/2008) |
| 05/13/2008 | 15 | MOTION to Stay Discovery *by Pfizer Inc.*, MOTION to Stay Deadlines ( Response deadline 5/27/2008) by Defendant Pfizer, Inc.(Strongman, Jon) (Entered: 05/13/2008) |

| 05/13/2008 | 16 | MEMORANDUM IN SUPPORT of 15 MOTION to Stay Discovery *by Pfizer Inc.* MOTION to Stay Deadlines by Defendant Pfizer, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Strongman, Jon) (Entered: 05/13/2008) |
|---|---|---|
| 05/14/2008 | 17 | ORDER regarding defendant's motion to stay 15 . Plaintiff shall file her response to the motion by May 19, 2008. Any reply shall be filed by May 21, 2008. Signed by Magistrate Judge James P. O'Hara on 5/14/08. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 05/14/2008) |
| 05/19/2008 | 18 | RESPONSE by Plaintiff Valerie Coats re 15 MOTION to Stay Discovery *by Pfizer Inc.* MOTION to Stay Deadlines *Pending MDL Transfer* (Gentile, R.) (Entered: 05/19/2008) |
| 05/19/2008 | 19 | ORDER granting defendant's unopposed motion 15 to stay pending MDL transfer. All pretrial activity in this case, the period for initial disclosures pursuant to Fed. R. Civ. P. 26, and any other discovery and pretrial deadlines are hereby stayed pending transfer of this case to MDL No. 1699 for coordinated and consolidated pretrial proceedings. The telephone scheduling conference previously set for June 3, 2008 at 9:00 a.m. is hereby cancelled. Signed by Magistrate Judge James P. O'Hara on 5/19/08. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ct) (Entered: 05/19/2008) |
| 05/23/2008 |  | (Court only) ***Clear SCHCONFSET Flag (kg) (Entered: 05/23/2008) |
| 05/28/2008 | 20 | CONDITIONAL TRANSFER ORDER. Case transferred to the Northern District of California MDL 1699. (mm) (Entered: 05/28/2008) |
| 05/28/2008 | 21 | Letter regarding transfer of case to the Northern District of California MDL 1699. (mm) (Entered: 05/28/2008) |
| 05/28/2008 |  | ***Civil Case Terminated. (mm) (Entered: 05/28/2008) |